UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

KIM HODGES as Personal Representative
for the Estate of Michael Donte Molson,

    *Plaintiff,*

v.

SGT. JOSEPH ABRAM,
JOHN DOE DEPUTIES,
and COUNTY OF KENT,

    *Defendants*.
_____/

Case No. 21-cv-500

Hon.

## COMPLAINT

NOW COMES Plaintiff, KIM HODGES, as Personal Representative for the Estate of Michael Molson, by and through counsel, Johnson Law, PLC, and states the following:

### INTRODUCTION

1. This is a 42 U.S.C. § 1983 civil rights and wrongful death action being filed against Kent County and its law enforcement officers stemming from the January 20, 2021 arrest of Michael Donte Molson ("Mr. Molson"), during which Mr. Molson ingested illicit narcotics, including cocaine, in front of the defendant arresting officers. Mr. Molson died the following day from acute cocaine toxicity. Mr. Molson was in Kent County custody from his arrest until his death and received

no medical treatment for the cocaine ingestion, despite the defendants' obligation to treat him. Defendants, quite simply, let Mr. Molson die.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is appropriate in the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) since the Defendants are domiciled in Kent County, Michigan, and/or the acts providing the legal basis for this complaint occurred in Kent County, Michigan.

## PARTIES

4. Plaintiff Kim Hodges in her capacity as Personal Representative for the Estate of Michael Donte Molson, is a citizen of the Unties States, State of Michigan, and was at all pertinent times a resident of Grand Rapids, MI.

5. Defendant Kent County was at all pertinent times a political sub-unit of the State of Michigan. Kent County was at all pertinent times legally obligated to enact policies, procedures, protocols, and customs, both written and unwritten, for its law enforcement officers to strictly follows, that conform with the laws of the state of Michigan and the laws of the United States, including the United States Constitution. Instead, Kent county enacted and maintained policies, procedures, protocols, and customs, both written and unwritten, that demonstrated its deliberate indifference to the rights of individuals such as Plaintiff including but not limited to

inadequate training and discipline such that its law enforcement officers were not equipped to do their duties. Kent County's deliberate indifference directly caused the harm complained of in this action.

6. Defendant Sergeant Joseph Abram, was at all pertinent times acting within in his capacity as a law enforcement officer employed by Kent County as such, acting under color of state law as trained by Kent County, acting in the course and scope of his duties as a law enforcement officer, and he is being sued both in his individual and official capacities.

7. The John Doe Deputies defendants are other members of law e enforcement, both who were at the scene when Mr. Wallace ingested the narcotics, as well as deputies assigned to the jail who knew that Mr. Molson was dying of a drug overdose and did let him die. The identities of the John Doe's will be gleaned through discovery, at which time Plaintiff will be in a position to identify them with specificity.

8. All complained-of actions of all defendants were done maliciously, deliberately, willfully, wantonly, knowingly, consciously, intentionally, purposely, purposefully, statistically, recklessly, with gross negligence, deliberate indifference, and with no objective basis.

9. Defendants are all being sued in their individual and official capacities.

## FACTS

10. On January 20, 2021, defendants executed a search warrant of 543 Shirley St NE, in Grand Rapids, Michigan, where the decedent, Mr. Molson was present.

11. Upon the police entering, Mr. Molson immediately grabbed what was clearly and obviously narcotics, and stuffed a large quantity in his mouth and swallowed.

12. The defendants observed this and know or should have known that the ingestion of such quantities of illegal narcotics can be lethal.

13. Mr. Molson was then transported to the Kent County jail and not to a hospital.

14. Mr. Molson was brought to court on January 21, 2021 and passed away shortly after.

15. His cause of death was acute cocaine toxicity.

16. Mr. Molson died as a direct result of the defendants' actions inactions.

17. Had the defendants brought Mr. Molson to a hospital or sought adequate medical attention, as required by state and federal law, Mr. Molson would still be alive.

## COUNT I
## DELIBERATE INDIFFERENCE
### (against all defendants, including a Monell claim against Kent County)

18. Plaintiff incorporates by reference all prior allegations.

19. Defendants had actual knowledge that Mr. Molson had ingested a potentially fatal amount of narcotics.

20. Defendants had an obligation to obtain medical treatment for Mr. Molson for such a known serious medical need.

21. Instead, the defendants did not seek any medical attention for Mr. Molson and allowed Mr. Molson to die from the narcotics in his system.

22. As a direct and foreseeable consequence of the actions and inactions of the defendants, Mr. Molson died.

23. Defendant Kent County had in effect at the time of Mr. Molson's death, policies, procedures, protocols, and customs, either written or unwritten, that demonstrated deliberate indifference to the constitutional rights of Mr. Molson, and directly caused the individual defendants to violate Mr. Molson's constitutional rights, as is described herein.

24. These policies, procedures, protocols, and customs, whether written or unwritten included a severe lack of training such that the individual defendants were not adequately equipped to execute their law enforcement obligations, deficient oversight, training, and supervision such that the individual defendants were effectively rained to evaluate the rights of Mr. Molson, and actual policies, procedures, protocols, and customs, that allow for an individual such as Mr. Molson to literally die slowly while in custody while nobody did anything to help him.

Further, Kent Couty has taken no administrative or legal action, against those responsible for the death of Mr. Molson which serves as an approval of their actions.

## COUNT II
## WRONGFUL DEATH
## (*against all defendants*)

25. Plaintiff incorporates by reference all prior allegations.

26. Mr. Molson died while in the custody of the defendants, who had an obligation under both state and federal law to provide medical assistance to Mr. Molson, but they chose not to do so.

27. Such action and inaction by the defendants constitute wrongful acts, as defined by Michigan law MCL 600.2922.

28. Mr. Molson died as a result of the actions and inactions of the defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, KIM HODGES, as Personal Representative for the Estate of Michael Molson, demands judgment and prays for the following relief, jointly and severally, against all Defendants:

    a. Full and fair compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Reasonable attorney's fees and costs of this action; and

      d.    Any such other relief as appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all triable issues, pursuant to Fed. R. Civ. P. 38(b).

                                  Respectfully submitted,

                                  JOHNSON LAW, PLLC

                     By:   */S/ Solomon M. Radner*
                           Solomon M. Radner (P73653)
                           Attorney for Plaintiff
                           535 Griswold Ste 2600
                           Detroit, MI 48226
                           (313) 324-8300
                           SRadner@VenJohnsonLaw.com

Dated: June 14, 2021